IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL MCDONALD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-1000-D |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff Crystal McDonald's Motion in Limine [Doc. No. 61] and Defendant Progressive Direct Insurance Company's Motion in Limine [Doc. No. 62]. Defendant filed a response [Doc. No. 65] to Plaintiff's Motion, to which Plaintiff filed a reply [Doc. No. 66]. Plaintiff filed a response [Doc. No. 64] to Defendant's Motion, to which Defendant filed a reply [Doc. No. 67]. The Motions are fully briefed and at issue.

## BACKGROUND

The facts of the present case are more fully set out in the Court's Order denying Plaintiff's motion for partial summary judgment and Defendant's motion for summary judgment [Doc. No. 68] and will not be restated at length. In summary, Defendant issued Plaintiff an automobile insurance policy that provided coverage for her vehicle. In August 2023, Plaintiff and her husband were involved in an automobile collision when Plaintiff's husband was driving her vehicle. Plaintiff alleges that her husband was driving her vehicle at the time of the collision because she was seeking emergency medical treatment.

1

Defendant conducted an investigation and declined to provide coverage under the policy's endorsement that excludes coverage when the vehicle is being operated by a driver who was not listed on the declarations page and was residing in the named insured's household as a permanent resident. Plaintiff's husband was not listed on the declarations page and was a permanent resident in Plaintiff's household at the time of the accident. However, the endorsement does not apply if, at the time of the loss, the unlisted driver was operating the vehicle to obtain emergency medical treatment for a passenger in the vehicle. Plaintiff alleges that her husband was operating the vehicle at the time of the accident because she was seeking emergency medical treatment. Accordingly, Plaintiff asserts that Defendant wrongfully denied her request for payment under the policy.

Plaintiff's claims for bad faith and negligent procurement against Defendant remain.

## LEGAL STANDARD

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those

instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* at 1218-19 (citations omitted); *see also Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Some in limine rulings, such as relevance, are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)); *see also Luce*, 469 U.S. at 41-42 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

"A motion in limine should address specific evidence that is irrelevant, inadmissible or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied." *Shotts v. GEICO General Ins. Co.*, CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (citing *Kinzey v. Diversified Servs., Inc.*, No. 15-1369-JTM, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017)). "Without a detailed presentation of the facts which give rise to the issue sought to be addressed by the motion in

limine, a motion in limine amounts to little more than a request that the court faithfully apply the rules of evidence." *Hussein v. Duncan Regional Hospital, Inc.*, CIV-07-439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009).

## DISCUSSION

### Plaintiff's Motion in Limine

**I.   Evidence that Defendant Did Not Rely Upon in Denying Plaintiff's Claim.**

    **A.  Plaintiff's Marital Status.**

Plaintiff requests the Court preclude Defendant from admitting any evidence or argument regarding Plaintiff's marital status or her failure "to check the 'married' box" when applying for the policy. She asserts that the admission of her marital status and failure to disclose her marital status should not be permitted because it would be prejudicial, as Defendant's denial of her claim was not based on her omission. Thus, she argues that such evidence and arguments cannot be used as a defense against her bad faith claim.[1]

Defendant argues that evidence and argument regarding Plaintiff's marital status and failure to disclose her marital status should be allowed at trial because it is relevant and probative of Plaintiff's negligent procurement claim. Defendant asserts that her marital status is relevant because she has alleged that it was negligent for failing to obtain a policy that provided coverage for when her husband was driving her vehicle. Moreover, it generally

---

[1] Plaintiff's argument that evidence regarding her marital status should not be permitted because it has no bearing on the meaning of the term "permanent resident" in the policy was rendered moot by the Court's Order on her motion for partial summary judgment and Defendant's motion for summary judgment. [Doc. No. 68]. Indeed, the Court concluded, in part, that her husband was a "permanent resident" under the policy's endorsement at issue. *Id.*

4

asserts evidence that she misrepresented her marital status is probative of her bad faith claim for the same reasons as her negligent procurement claim.

Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2002).

The Court finds that evidence of Plaintiff's marital status and failure to disclose her marital status in the application process and renewal process may be relevant to her negligent procurement claim, and Defendant's defenses to such claim. However, as to Plaintiff's bad faith claim, Defendant will not be allowed to argue that its denial of Plaintiff's claim was reasonable because she misrepresented her marital status in her policy application or renewals, as misrepresentation was not a stated basis in its denial letter. *See Buzzard v. Farmers Ins. Co., Inc.*, 1991 OK 127, ¶ 14, 824 P.2d 1105, 1109 ("The decisive question is whether the insurer had a good faith belief, at *the time its performance was requested*, that it had justifiable reason for withholding payment under the policy.") (quotation and citation omitted) (original emphasis).

Accordingly, regarding Plaintiff's negligent procurement claim, the Court **RESERVES** ruling on this issue, opting instead to consider it in context, if the issue is raised during trial. Furthermore, regarding Plaintiff's bad faith claim, Plaintiff's Motion on this point is **GRANTED**.

### B. Plaintiff's Husband's Residence.

Plaintiff requests the Court preclude any testimony or evidence regarding her husband's residence or her failure to disclose his residence, because she alleges that such information is irrelevant and prejudicial as Defendant did not rely upon it in denying her claim.[2]

Defendant argues that evidence and argument regarding Plaintiff's husband's residence should be permitted because it is relevant to her negligent procurement claim and bad faith claim.

Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274.

The Court finds that evidence of Plaintiff's husband's residence and her failure to disclose her husband's residence in the application and renewal process may be relevant to her negligent procurement claim, and Defendant's defenses to such claim. However, as to her bad faith claim, Defendant will not be allowed to argue that its denial of her claim was reasonable because she misrepresented her husband's residence on her policy application or renewals, as misrepresentation was not a stated basis in its denial letter. *See Buzzard*, 1991

---

[2] Plaintiff's argument that evidence regarding her husband's residence should not be permitted because it has no bearing on the meaning of the term "permanent resident" in the policy was rendered moot by the Court's Order on her motion for partial summary judgment and Defendant's motion for summary judgment. [Doc. No. 68]. Indeed, the Court concluded, in part, that her husband was a "permanent resident" under the policy. *Id.*

6

OK 127, ¶ 14, 824 P.2d at 1109. ("The decisive question is whether the insurer had a good faith belief, at *the time its performance was requested*, that it had justifiable reason for withholding payment under the policy.") (quotation and citation omitted) (original emphasis).

Accordingly, regarding Plaintiff's negligent procurement claim, the Court **RESERVES** ruling on this issue, opting instead to consider it in context, if the issue is raised during trial. Furthermore, regarding Plaintiff's bad faith claim, Plaintiff's Motion on this point is **GRANTED**.

### C. Evidence Obtained Through Depositions that Supports Defendant's Denial of Plaintiff's Claim.

Plaintiff requests the Court preclude Defendant from introducing her and her husband's deposition testimony regarding whether she was seeking emergency medical treatment at the time of the collision, because it did not rely upon or consider such information in evaluating and denying her claim. She argues that the deposition testimony should be excluded because it is irrelevant and prejudicial. Further, she asserts that the admission of such testimony would be unduly prejudicial as it would confuse the issues and mislead the jury. She further argues that Defendant should be limited to the evidence it relied upon in issuing its denial.

Defendant objects and argues that Plaintiff and her husband's testimony regarding the nature of their errand on the date of the collision should not be precluded and is relevant because it is probative of whether she was seeking emergency medical treatment at the time of the collision. Defendant asserts that for her to succeed on her bad faith claim she must

7

prove that "[t]he insurer was required under the insurance policy to pay [Plaintiff's] claim." Thus, it argues that Plaintiff will have to proffer testimony that she was seeking emergency medical treatment at the time of the collision to succeed on her bad faith claim.

Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274.

To succeed on a bad faith claim, Plaintiff must prove: "(1) claimant was entitled to coverage under the insurance policy at issue, (2) the insurer had no reasonable basis for delaying payment, (3) the insurer did not deal fairly and in good faith with the claimant, and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury." *Ball v. Wilshire Ins. Co.*, 2009 OK 38, ¶ 21, 221 P.3d 717, 724.

Upon consideration, the Court finds that evidence, such as Plaintiff and her husband's deposition testimony, regarding whether emergency medical treatment was being sought at the time of the collision is relevant to Plaintiff's bad faith claim, and that she has failed to show the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Indeed, the first element of her bad faith claim requires her to show that Defendant was required under the policy to pay her claim. *Id*. Thus, in accordance with the Court's Order on Plaintiff's motion for partial summary judgment and Defendant's motion for summary judgment [Doc. No. 68], for her to succeed on her bad faith claim, she will have to sufficiently prove that she was seeking emergency medical treatment at the time of the collision.

Accordingly, Plaintiff's Motion on this point is **DENIED**.³

## II. Evidence Regarding Plaintiff's Motivation to Obtain a Windfall or Secondary Gain.⁴

Plaintiff seeks to exclude testimony, evidence, or argument regarding her motivation for asserting her claims against Defendant, such as her seeking a windfall or secondary gain, or having a lottery mentality. Defendant does not object to her request. Accordingly, Plaintiff's Motion on this point is **GRANTED**.

### Defendant's Motion in Limine

## I. Evidence of Other Lawsuits and Claims against Defendant.

Defendant objects to Plaintiff offering evidence pertaining to other lawsuits or claims against it because they are irrelevant, unfairly prejudicial and unduly confusing to the jury, inadmissible as evidence or unrelated conduct, and constitute inadmissible hearsay. Plaintiff argues that Defendant's request is too vague, as it has not identified any specific evidence that it wishes to keep out. Regardless, she concedes that unless Defendant opens the door to such evidence, she has not identified any "other claims" evidence in the Pretrial Report.

Accordingly, the Court **RESERVES** ruling on this issue, opting instead to consider it in context if the issue is raised during trial.

---

³ To the extent a party believes a limiting instruction is warranted as the evidence unfolds at trial, they are free to request an instruction regarding the scope of evidence the jury may consider when determining whether Defendant had a reasonable basis for denying Plaintiff's claim.

⁴ The Court notes that Plaintiff lists this Motion as "III". However, because she does not identify a motion as II, the Court construes and identifies this Motion as "II" throughout this Order to maintain numerical consistency.

## II.     Lay Witness Testimony and Arguments regarding "Fair" and "Reasonable."

Defendant seeks to preclude testimony and arguments by counsel as to what is "fair" or "reasonable." It argues that such should be prohibited because it is the Court's duty to instruct the jury on the law and because such testimony and arguments are inadmissible. It further asserts that allowing testimony and arguments as to what is fair and reasonable would be tantamount to allowing a lay witness to instruct the jury on Oklahoma's bad-faith law. Plaintiff objects to the request on the grounds that it is too general and runs contrary to the issues in the case.

Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." Rule 403 favors admissibility, and the Court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters*, 202 F.3d at 1274.

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. However, "opinions that merely tell the trier of fact what result to reach or state a legal conclusion in a way that says nothing about the facts still are objectionable." 29 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Evid. § 6284 (2d ed.); *see also United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015) (Rule 704 testimony must still "be helpful to the trier of fact."). This is because "such opinions are not 'helpful' as required by Rule 701 and do not 'help' as required by Rule 702." 29 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Evid. § 6284 (2d ed.).

Plaintiff makes a plausible argument that the questions to witnesses concerning fairness and reasonableness will help the jury in this case, will be based on a witness' factual perception, and will avoid telling the jury how to rule. Plaintiff seeks to question the adjuster who handled her claim about the adjuster's understanding of his duties. Moreover, Defendant fails to identify any particular witness that it seeks to bar from testifying abouts such topics.

However, the Court cautions counsel for both parties "that questions or comments by a witness or counsel that misstate Oklahoma law will encroach on the Court's role in instructing the jury on the applicable law." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *6 (W.D. Okla. Mar. 4, 2020) (citing *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988) ("In no instance can a witness be permitted to define the law of the case.")). The jury will be equipped to form its own conclusions on whether the insurance policy was breached and whether Defendant had a reasonable, good-faith belief in denying the claim.

Accordingly, Defendant's Motion on this point is **DENIED**.

### III. Suggestion or Argument that Defendant Should or Must Look for Reasons to Pay a Claim or Pay More on a Claim.

Defendant argues that the Court should disallow Plaintiff's insinuations that it had an obligation to look for reasons to pay a claim or to pay more on a valid claim, and that it must devote more time and attention to finding a reason to pay a claim than to deny a claim. Plaintiff concedes that her counsel does not anticipate asking questions about whether Oklahoma law requires adjuster to "look harder" to pay more on claims. However, Plaintiff's counsel anticipates asking Defendant's adjusters about their training and understanding

11

regarding their duty of good faith and fair dealing. Thus, she asks the Court reserve its ruling on Defendant's request until trial, because the Court will have more context and can make a more informed decision.

Accordingly, the Court **RESERVES** ruling on this issue, opting instead to consider it in context if the issue is raised during trial.

IV. **Suggestion or Argument that Defendant Owes the "Benefit of the Doubt" to its Insured.**

Defendant requests that Plaintiff be prohibited from suggesting to the jury that it owes the "benefit of the doubt" to its insured. In response, Plaintiff asserts that she "does not intend to ask Defendant's witnesses whether they have a duty to give their insured the 'benefit of the doubt.'"

Accordingly, Defendant's Motion on this point is **GRANTED**.

V. **Evidence and Testimony Regarding Oklahoma's Unfair Claims Settlement Practices Act.**

Defendant seeks to preclude Plaintiff, her counsel, and witnesses from addressing the Oklahoma Unfair Claims Settlement Practices Act ("OUCSPA"). Defendant asserts that any reference to the OUCSPA is irrelevant and prejudicial, as "Oklahoma does not recognize a private right of action for violation of the act." Plaintiff does not object to Defendant's request, to the extent its witnesses do not provide testimony regarding the OUCSPA.

Accordingly, to the extent Plaintiff concedes Defendant's request on the OUCSPA, Defendant's Motion on this point is **GRANTED**.

VI. **Golden Rule Arguments**

Defendant requests that Plaintiff be barred at trial from making any "Golden Rule" arguments, because such arguments would be unfairly prejudicial. Although Plaintiff concedes that "Golden Rule" arguments are improper in her plea for damages, she objects to Defendant's request and argues that "Golden Rule" arguments are proper for issues pertaining to its liability.

The Tenth Circuit has recognized that the "golden rule" argument may not be proper in certain instances, *see Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1581 (10th Cir. 1984), but the Circuit has also carved out a narrow exception in cases where the reasonableness of conduct, in light of information known at the time, is at issue. *See, e.g.*, *Schultz v. Rice*, 809 F.2d 643, 652 (10th Cir. 1986) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). Use of the so-called "golden rule" argument, when its aim is to elicit an emotional response by jurors, is improper.

Accordingly, the Court **RESERVES** ruling on this issue in advance of trial, opting instead to consider it in context if the issue is raised during trial.

### VII.    Evidence Regarding Defendant's Advertising

Defendant requests that Plaintiff, her counsel, and witnesses be barred at trial from "mentioning, referring to, or conveying to the jury, in any manner, the reasons why Progressive advertises, the various mediums in which Progressive advertises, or the amount of money Progressive spends on advertising." Plaintiff does not object to its request.

Accordingly, Defendant's Motion on this point is **GRANTED**.

## CONCLUSION

For the reasons outlined above, Plaintiff's Motion in Limine [Doc. No. 61] is **GRANTED in part**, **RESERVED in part**, and **DENIED in part**, and Defendant's Motion in Limine [Doc. No. 62] is **GRANTED in part**, **RESERVED in part**, and **DENIED in part**. In summary, the Court **ORDERS**:

1. Plaintiff's Motion in Limine No. I(A) [Doc. No. 61] is **RESERVED in part and GRANTED in part**.

2. Plaintiff's Motion in Limine No. I(B) [Doc. No. 61] is **RESERVED in part and GRANTED in part**.

3. Plaintiff's Motion in Limine No. I(C) [Doc. No. 61] is **DENIED**.

4. Plaintiff's Motion in Limine No. II [Doc. No. 61] is **GRANTED**.

1. Defendant's Motion in Limine No. I [Doc. No. 62] is **RESERVED**.

2. Defendant's Motion in Limine No. II [Doc. No. 62] is **DENIED**.

3. Defendant's Motion in Limine No. III [Doc. No. 62] is **RESERVED**.

4. Defendant's Motion in Limine No. IV [Doc. No. 62] is **GRANTED**.

5. Defendant's Motion in Limine No. V [Doc. No. 62] is **GRANTED**.

6. Defendant's Motion in Limine No. VI [Doc. No. 62] is **RESERVED**.

7. Defendant's Motion in Limine No. VII [Doc. No. 62] is **GRANTED**.

**IT IS SO ORDERED** this 20th day of January, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge